Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JOSÉ VICENTE NIEVES ALICEA, LESVIA NIEVES ALICEA, LEILA DEL CARMEN NIEVES ALICEA, VILMARYS NIEVES ALICEA <br><br> Apelantes <br><br> V. <br><br> CARLOS MANUEL NIEVES CAMAÑO, MARGARITA MARTÍNEZ <br><br> Apelados | KLAN202500528 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo <br><br> Caso Núm.: AR2023CV00449 <br><br><br> Sobre: Cobro de dinero |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Marrero Guerrero, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de agosto de 2025.

Comparecen José Vicente Nieves Alicea, Lesvia Nieves Alicea y Vilmarys Nieves Alicea como miembros de la sucesión del señor Vicente Nieves Camaño (herederos del señor Vicente Nieves o apelantes) y solicitan revisar una *Sentencia* emitida el 6 de mayo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI).[1] En esta, el TPI desestimó la *Demanda* presentada por los apelantes y la *Reconvención* del señor Carlos Nieves Camaño (Carlos Nieves)[2] al amparo de la Regla 22.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 22.1. Ello, por haber transcurrido más de noventa (90) días sin sustituir al señor Carlos Nieves por los miembros de su sucesión, quienes eran parte indispensable en el pleito.

Por las razones que se expondrán a continuación, se anticipa la revocación parcial de la *Sentencia* apelada, específicamente en cuanto a la desestimación de la *Demanda* contra la señora Margarita Martínez Medina (Margarita Martínez).

---

[1] Apéndice de *Apelación*, Anejo 3, págs. 14-16. Notificada el 7 de mayo de 2025.
[2] *Íd.*, Anejo 16, págs. 50-51.

**I.**

Este caso se originó el 9 de marzo de 2023, cuando los herederos del señor Vicente Nieves presentaron una *Demanda* contra el señor Carlos Nieves y su esposa, entonces demandada desconocida, por cobro de dinero.[3]

Los días 30 de marzo de 2023 y 2 de junio de 2023, los apelantes presentaron sendas enmiendas a la *Demanda* para incorporar a la esposa del señor Carlos Nieves, la señora Margarita Martínez, como parte demandada y a la Sociedad Legal de Bienes Gananciales compuesta por ambos, respectivamente.[4]

El 31 de octubre de 2023, el señor Carlos Nieves presentó una certificación de un psiquiatra que informó que la señora Margarita Martínez presentaba sintomatología compatible con una demencia degenerativa, por lo que no estaba apta para regir su persona ni sus bienes.[5] Solicitó la paralización del proceso hasta que se emitiera una declaración oficial de incapacidad y se nombrara un tutor.

Tras varios trámites procesales, el 28 de noviembre de 2023, el TPI emitió una *Resolución* mediante la cual paralizó provisionalmente el descubrimiento de prueba en este caso hasta resolver la controversia sobre la capacidad de la señora Margarita Martínez.[6]

Posteriormente, el 16 de abril de 2024, el representante legal del señor Carlos Nieves, el licenciado Luciano Sánchez Martínez, informó el fallecimiento de su cliente ocurrido el 13 de abril de 2024.[7] Eventualmente, el 1 de octubre de 2024, presentó la *Resolución* de declaratoria de herederos, en la que se reconoció como tales a los señores Carlos Renaldo Nieves Martínez, Edgardo Nieves Martínez, Ricardo Abimael Nieves Martínez y a la señora Margarita Martínez.[8]

---

[3] *Íd.*, Anejo 4, págs. 17-20.
[4] *Íd.*, Anejo 5, págs. 14-16; *Íd.*, Anejo 12, págs. 34-39.
[5] *Íd.*, Anejo 19, págs. 56-57.
[6] *Íd.*, Anejo 22, pág. 61.
[7] *Íd.*, Anejo 32, pág. 75.
[8] *Íd.*, Anejo 35, págs. 79-82.

El 3 de mayo de 2024, la Lcda. Olga Rubio Rodríguez asumió representación legal de la señora Margarita Martínez.[9]

Sucesivamente, el 4 de diciembre de 2024, el licenciado Sánchez Martínez, en representación del señor Carlos Nieves, solicitó la desestimación de la *Demanda* por falta de cooperación de los apelantes y por ausencia de parte indispensable al no haberse solicitado la sustitución de su cliente fallecido.[10]

Tiempo después, el 1 de mayo de 2025, el TPI emitió una *Orden*, en la que requirió al licenciado Sánchez Martínez aclarar su comparecencia, ya que en el expediente no constaba que los herederos del señor Carlos Nieves se sometieron voluntariamente a la jurisdicción del Tribunal, que el abogado asumió su representación legal, ni que los apelantes solicitaron la sustitución de parte.[11]

En cumplimiento con lo anterior, el 6 de mayo de 2025, el licenciado Sánchez Martínez informó al tribunal que, al haber fallecido su cliente y no representar a ninguna otra parte, procedía que relevarlo de la representación legal.[12]

En igual fecha, el TPI emitió una *Resolución Interlocutoria* en la que indicó que procedía la desestimación de la *Demanda* y de la *Reconvención* presentada por el señor Carlos Nieves, al amparo de la Regla 22.1 de Procedimiento Civil, *supra*, R. 22.1.[13] Ello, en vista de que el licenciado Sánchez Martínez no representaba a ningún heredero del señor Carlos Nieves; no los sometió a la jurisdicción del Tribunal, y los herederos del señor Vicente Nieves no solicitaron la sustitución de parte dentro del término reglamentario.

A su vez, el Foro apelado emitió una *Sentencia* disponiendo que, al haber transcurrido en exceso el término de noventa (90) días para sustituir al señor Carlos Nieves por los miembros de su sucesión

---

[9] *Íd.*, Anejo 24, pág. 34.
[10] *Íd.*, Anejo 43, págs. 93-94.
[11] *Íd.*, Anejo 46, págs. 102-103.
[12] *Íd.*, Anejo 47, págs. 104-105.
[13] *Íd.*, Anejo 48, págs. 106-107. Notificada el 7 de mayo de 2025.

—parte indispensable en el proceso— procedía desestimar la *Demanda* y la *Reconvención*.[14]

En desacuerdo, el 14 de mayo de 2025, los apelantes presentaron una *Moción de Reconsideración* en la que adujeron que el licenciado Sánchez Martínez representaba a los herederos del señor Carlos Nieves, al presentar copia de la *Resolución* de declaratoria de herederos.[15] Expresaron que dicho acto constituyó un acto sustancial de sumisión voluntaria de los herederos a la jurisdicción del Tribunal, máxime cuando el licenciado Sánchez Martínez solicitó tomar conocimiento de dicha circunstancia y que se proveyera de conformidad. Por ello, sostuvieron que el TPI incurrió en error de derecho al desestimar la causa de acción contra los herederos del señor Carlos Nieves. Asimismo, indicaron que aún persistía la causa de acción contra la señora Margarita Martínez, quien fue traída al pleito y emplazada en su carácter personal y como representante de la Sociedad Legal de Gananciales que formó con el señor Carlos Nieves.

En igual fecha, el TPI emitió una *Resolución Interlocutoria* mediante la cual denegó la reconsideración.[16] Estableció que de los autos no surgió solicitud alguna sobre sustitución de parte ni manifestación del licenciado Sánchez Martínez de representar a los herederos de su cliente, quienes eran parte indispensable en el caso.

Aún inconformes, el 11 de junio de 2025, los herederos del señor Vicente Nieves presentaron una apelación ante este Tribunal y plantearon que el Foro apelado incurrió en los siguientes errores:

> **PRIMER ERROR:** EL TPI COMETI[Ó] ERROR DE DERECHO AL DESESTIMAR SIN PERJUICIO LA DEMANDA CONTRA LA CODEMANDADA, MARGARITA MART[Í]NEZ MEDINA POR FALTA DE PARTE INDISPENSABLE, EN CONTRAVENCI[Ó]N DE LA LETRA CLARA DE LA REGLA 22.1(C) DE PROCEDIMIENTO CIVIL DE PUERTO RICO DE 2009.

---

[14] *Íd.*, Anejo 3, págs. 14-16. Notificada el 7 de mayo de 2025.
[15] *Íd.*, Anejo 2, págs. 3-13.
[16] *Íd.*, Anejo 1, págs. 1-2.

**SEGUNDO ERROR:** EL TPI COMETI[Ó] ERROR DE DERECHO AL DESESTIMAR SIN PERJUICIO LA DEMANDA CONTRA LOS HEREDEROS DEL CAUSANTE, CARLOS MANUEL NIEVES CAMAÑO, POR FALTA DE PARTE [INDISPENSABLE], EN CONTRAVENCI[Ó]N DE LA LETRA CLARA DE LA REGLA 22.1(C) DE PROCEDIMIENTO CIVIL DE PUERTO RICO DE 2009.

En esencia, los apelantes sostuvieron que la reclamación contra la señora Margarita Martínez era independiente de la dirigida contra el señor Carlos Nieves. Asimismo, alegaron que los herederos de este último se sometieron tácitamente a la jurisdicción del tribunal al notificar sobre su fallecimiento y el tribunal tomar conocimiento sobre tal hecho. Precisaron que, tras el deceso del señor Carlos Nieves, los representantes legales de ambas partes se reunieron para acordar un itinerario de descubrimiento de prueba.

El 24 de julio de 2025, la señora Margarita Martínez presentó un alegato en el que señaló que, tres (3) días después del fallecimiento del señor Carlos Nieves, su representante legal notificó a las partes de dicho hecho. Sin embargo, puntualizó que el licenciado Sánchez Martínez ni los herederos del señor Vicente Nieves solicitaron la sustitución de parte, ni se siguió el trámite procesal dispuesto en la Regla 22.1 de Procedimiento Civil, *supra*, R. 22.1. Específicamente, indicó que no se presentó una solicitud de sustitución de parte; que el TPI no emitió una orden al respecto ni la *Demanda* se enmendó para incluir a los herederos. Tampoco se cumplió con el trámite de emplazamiento. Añadió que los herederos del señor Carlos Nieves eran parte indispensable, puesto que compartían un interés común sin cuya comparecencia no podía resolverse la reclamación en cobro, y que las actuaciones del licenciado Sánchez Martínez no podían imputarse a cada heredero.

## II.

### A. Sustitución de parte

La sustitución de parte es un mecanismo procesal mediante el cual una parte en un pleito es sustituida por otra que asume su

posición en el litigio. R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Lexis Nexis, 2017, pág. 175. La Regla 22.1 de Procedimiento Civil, *supra*, R. 22.1, regula la sustitución de partes por causa de muerte, disponiendo lo siguiente:

> (a) Si una parte fallece y la reclamación queda por ello extinguida, se dictará sentencia para desestimar el pleito.
>
> (b) Si una parte fallece y la reclamación no queda por ello extinguida, cualquiera de las partes en el procedimiento o sus abogados o abogadas notificarán el fallecimiento al tribunal y a las otras partes dentro del término de treinta (30) días, contados desde la fecha cuando se conozca tal hecho. El tribunal, a solicitud hecha dentro de los noventa (90) días siguientes a la fecha de dicha notificación, ordenará la sustitución de la parte fallecida por las partes apropiadas. Los y las causahabientes o representantes podrán presentar la solicitud de sustitución del finado o de la finada, y dicha solicitud se notificará a las partes en la forma dispuesta en la Regla 67 y a las que no lo sean en la forma que dispone la Regla 4. La demanda se enmendará a los únicos fines de conformar la sustitución e incorporar las nuevas partes al pleito. Transcurrido el término sin que se haya solicitado la sustitución, se dictará sentencia para desestimar el pleito sin perjuicio.
>
> (c) De fallecer una o más partes demandantes, o uno o más partes demandadas, que fueron partes en un pleito en que el derecho reclamado subsista sólo a favor de las demandantes o contra las partes demandadas que sobrevivan, el pleito no finalizará. Se notificará al tribunal el hecho de la muerte y el pleito continuará a favor o contra las partes sobrevivientes. Regla 22.1 de Procedimiento Civil, *supra*, R. 22.1.

La citada Regla, dispone el término para sustituir a una parte que fallece durante la tramitación de un caso civil. La sucesión está llamada a sustituir al causante que era parte de un litigio civil pendiente. *Ruiz Mattei v. Commercial Equipment*, 214 DPR 407 (2024).

La notificación del deceso es un deber de las partes y sus representantes legales, y debe realizarse dentro de los treinta (30) días siguientes a conocer tal hecho. *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 DPR 664 (1989). Conforme a la Regla 22.1 de Procedimiento Civil, una vez notificado el fallecimiento, se dispone de noventa (90) días para solicitar al tribunal la sustitución correspondiente.

Si la sustitución no se realiza oportunamente, el pleito no podrá continuar y el tribunal deberá dictar sentencia desestimatoria

sin perjuicio por falta de parte indispensable.[17] *Íd.;* R. Hernández Colón, *op. cit.* Asimismo, cuando se incorpore a una persona ajena al proceso, será necesario adquirir jurisdicción *in personam* mediante emplazamiento a tenor con la Regla 4 de Procedimiento Civil, *supra,* R. 4 para garantizar su derecho a ser oída y defenderse. *Echevarría Jiménez v. Sucn. Pérez Meri, supra.*

### III.

En el presente caso, los herederos del señor Vicente Nieves plantearon que el TPI erró al desestimar la causa de acción contra la señora Margarita Martínez y contra los herederos del señor Carlos Nieves por falta de parte indispensable.

Tras un análisis sosegado de los hechos, resolvemos que los apelantes tenían el deber de procurar la sustitución de parte para incluir a los herederos del señor Carlos Nieves, quienes eran parte indispensable en el pleito. La Regla 22.1 de Procedimiento Civil, *supra,* R. 22.1, establece que, tras el fallecimiento de una parte cuya reclamación no se extingue, cualquier parte o representante legal debe notificar el deceso al tribunal y a las demás partes dentro de los treinta (30) días siguientes a conocer el deceso. Además, requiere que se solicite la sustitución de parte dentro de los noventa (90) días posteriores.

En este caso, si bien el licenciado Sánchez Martínez meramente notificó el fallecimiento de su cliente y presentó la *Resolución* de declaratoria de herederos, tal acto no significó que este asumiera la representación legal de los herederos del señor Carlos Nieves, ni mucho menos implicó que éstos se sometieron voluntariamente a la jurisdicción del Foro Primario. Este hecho no representó ni tuvo el efecto de que el licenciado Sánchez Martínez hubiera solicitado la

---

[17] Una parte indispensable es aquella de la cual no se puede prescindir y cuyo interés en la cuestión es de tal magnitud que no se puede dictar un decreto final entre las otra partes sin lesionar y afectar radicalmente sus derecho. Véase *Vilanova et al. v. Vilanova et al.*, 184 DPR 824 (2012); *García Colón et al. v. Sucn. González,* 178 DPR 527 (2010).

sustitución de parte ni que los allí nombrados se hubieran sometido a la jurisdicción del Tribunal. Igualmente, los apelantes no solicitaron la sustitución de los herederos del señor Carlos Nieves como parte en el pleito dentro del término reglamentario, ni los emplazó, requisito procesal indispensable para que el TPI adquiriera jurisdicción sobre ellos. Por consiguiente, la *Sentencia* apelada que desestimó la *Demanda* en cuanto a los herederos del señor Carlos Nieves fue correcta en derecho, ya que la ausencia de parte indispensable impide la continuación del caso en cuanto a dichas personas.

No obstante, a diferencia de los miembros de la sucesión del señor Carlos Nieves, la señora Margarita Martínez fue debidamente demandada y emplazada independientemente al señor Carlos Nieves. Por lo tanto, la falta de sustitución de la sucesión del causante no afectó la continuación de los procedimientos contra ella.

En consecuencia, corresponde revocar parcialmente la *Sentencia* apelada, a los efectos de mantener la desestimación en cuanto a los herederos del señor Carlos Nieves por falta de parte indispensable, pero dejar sin efecto la desestimación de la causa de acción contra Margarita Martínez, quien debe continuar como parte demandada en el pleito.

**IV.**

Por los fundamentos que anteceden, se revoca parcialmente la *Sentencia* apelada, a los fines de dejar sin efecto la desestimación de la reclamación instada en contra de la señora Margarita Martínez.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones